# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 CR 21-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **SHAUN ALAN BRYSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report (#11) filed in the above entitled cause on June 10, 2009 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, David Thorneloe, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on June 10, 2009. The government introduced ,without objection, the violation report into evidence. Testimony was then presented by the government through Robert T.

Ferguson, United States Probation Officer.

The defendant was charged in a bill of indictment of one count of embezzlement in violation of 18 U.S.C. § 656. A hearing was held in regard to detention of the defendant on April 28, 2009. On that date, the undersigned entered an order releasing the defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of Federal, State or local law while on release.

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On May 15, 2009, the defendant submitted to an urinalysis drug test at which time the defendant tested positive for use of marijuana. On June 8, 2009 Officer Ferguson spoke to the defendant and the defendant admitted he had smoked marijuana on Mother's Day, May 10, 2009.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

(1) finds that there is----
(A) probable cause to believe that the person has committed a

Federal, State, or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2)    finds that ---

    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that the defendant committed a Federal and State crime while on release. The defendant possessed marijuana on May 10, 2009 so he could consume that substance. That possession violated both Federal and State law.

There has further been shown by clear and convincing evidence that the defendant violated another condition of release in that it has been shown by clear and convincing evidence that the defendant violated the terms and conditions of his release that ordered him to refrain from use or unlawful possession of a narcotic drug unless prescribed by a licensed medical practitioner. Marijuana is not a drug which is prescribed by a licensed medical practitioner in this state.

Due to the findings made above and also considering the factors as set forth

under 18 U.S.C. § 3142(g), it is the opinion of the undersigned that based upon the defendant's actions, it is unlikely the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: June 24, 2009

Dennis L. Howell
United States Magistrate Judge